UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>ROSA M. MARTINEZ,<br><br>           Defendant. | No. CR-06-2198-FVS<br><br>ORDER |

**THIS MATTER** came before the Court for a hearing on February 14, 2007. The United States was represented by Joseph H. Harrington. The Defendant was present and represented by J. Jarrett Sandlin. This Order is intended to memorialize and supplement the Court's oral ruling.

## I. THE NECESSITY OF A CONTINUANCE

The Defendant is charged with multiple counts of health care fraud and unlawful distribution of a controlled substance. The confidential nature of the medical records that provide much of the evidence associated with these charges has necessitated the entry of a protective order and delayed the Government's efforts to provide discovery. As the case proceeds, the Court and the parties must continue to protect the privacy of the Defendant's patients. In addition, the Defendant has indicated that the testimony of multiple experts will be necessary to her defense. For these reasons, the

ORDER DENYING MOTION TO DISMISS- 1

Court finds that this case is so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial matters or for trial within the current schedule. The ends of justice served by continuing the pretrial conference and trial thus outweigh the interests of the Defendant and of the public in a speedy trial.

**II. DEFENDANT'S MOTION TO DISMISS ALL CHARGES**

A trial court's authority to dismiss an indictment on the basis of prosecutorial misconduct derives from its supervisory power. *United States v. Derrick*, 163 F.3d 799, 805 (4th Cir. 1998). A court's exercise of its supervisory power implicates not only the interests of the defendant, but also the interests of the victim and the interests of the public in the administration of justice. *See United States v. Hasting*, 461 U.S. 499, 507, 103 S. Ct. 1974, 1979, 76 L. Ed. 2d 96, 105 (use of supervisory power to reverse a criminal conviction); *United States v. Payner*, 447 U.S. 727, 735-36, 100 S Ct. 2439, 2446-47, 65 L. Ed. 2d 468, 476-77 (1980)(use of supervisory power to suppress evidence). "The dismissal of an indictment altogether clearly thwarts the public's interest in the enforcement of its criminal laws in an even more profound and lasting way than the requirement of a retrial." *Derrick*, 163 F.3d at 807.

On the basis of this principle, the Supreme Court has held that a trial court has "no authority to dismiss [an] indictment on the basis of prosecutorial misconduct absent a finding that petitioners were prejudiced by such misconduct." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263, 108 S. Ct. 2369, 2378, 101 L. Ed. 2d 228, 243

(1988). In the discovery context, the Fourth Circuit has reversed a district court's decision to dismiss an indictment on the basis of discovery violations. See *Derrick*, 163 F.3d at 835. Similarly, the First Circuit has held that a district court did not abuse its discretion in refusing to dismiss an indictment as a discovery sanction. *United States v. Soto-Beniquez*, 356 F.3d 1, 30-31 (1st Cir. 2005). "A court should not dismiss an indictment when prosecutorial misconduct is redressable through the utilization of less drastic disciplinary tools." *Id.*

The Defendant has moved to dismiss all charges pending against her based on the Government's failure to provide discovery in a timely fashion. In view of the stringent standard governing the dismissal of criminal charges and the interests of the public in the administration of justice, the Court concludes that dismissal of the pending charges is inappropriate. Even if the Government had not delayed in providing discovery, the Defendant's need to call expert witnesses at trial would have necessitated a continuance. The Defendant has thus not been prejudiced by the Government's delay and dismissal of the indictment in improper under *Bank of Nova Scotia v. United States*. Accordingly,

**IT IS HEREBY ORDERED**:

1. The Defendant's Motion to Dismiss, **Ct. Rec. 16**, is **DENIED**.

2. Discovery, including billing records, shall be provided to the Defendant no later than February 23, 2007. Any objections can be raised in writing.

3. The pretrial conference is **CONTINUED** until **May 17, 2007**, at

ORDER DENYING MOTION TO DISMISS- 3

Case 2:06-cr-02198-FVS   Document 25   Filed 02/22/07

**2:00 p.m.** in Yakima, Washington.

4. Trial is **CONTINUED** until **June 4, 2007,** at **9:00 a.m.** in Yakima, Washington.

5. The period from **February 26, 2007,** the old trial date, to **June 4, 2007,** the new date of trial, is **EXCLUDED** for purposes of computing time under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  22nd  day of February, 2007.

        s/ Fred Van Sickle
        Fred Van Sickle
      United States District Judge